UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KHALIL MALIK JACKSON<br>Plaintiff/Petitioner,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN BRADLEY ISOM, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 2:26-cv-00153-JRO-MKK<br>)<br>)<br>)<br>)<br>) |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff, Khalil Malik Jackson, is a prisoner currently incarcerated at Federal Correctional Institution – Terre Haute ("FCI Terre Haute").  He filed this civil action alleging that an excessive force incident occurred at FCI Terre Haute. Because Jackson is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Jackson asserts claims against ten defendants: 1) Austin Bradley Isom, 2) M. Vansickle, 3) Nicholas Andrew Loomis; 4) Kevin Matthew Firestone; 5) RN Carly Beal; 6) Scott A. Young; 7) Duane Thomas; 9) (MOUD) FNP Roger Cox; 9) Federal Bureau of Prisons; and 10) United States of America. He seeks compensatory and punitive damages.

Jackson's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On February 22, 2024, Officer Thomas placed Jackson on the ground, and other officers placed him in hand restraints. He was then placed in hard steel 4-point restraints for more than 15 hours. One cuff was placed too tightly, causing Jackson intense pain. Officer Isom laughed and teased Jackson while he was in pain because of the tightness of the cuffs. Jackson also asked Officer Vansickle to assist him, but he simply told him to be quiet. Officer Loomis and Officer Firestone witnessed that Jackson's cuffs were too tight, but they took no action. Jackson begged Nurse Beal to assist him, but she never checked the cuffs or

assisted in any way.  Defendant Scott Young was a lieutenant who witnessed Nurse Beal take no action. Jackson suffered injuries to his hand and wrist.

### III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Jackson alleges that his constitutional rights were violated by the individual defendants. Such claims would be brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), but the Supreme Court has severely restricted the types of constitutional claims that can be brought against federal actors.  *Egbert v. Boule,* 596 U.S. 482, 491-92 (2022).  The Supreme Court recently declined to extend *Bivens* to an Eighth Amendment excessive force claim.  *Goldey v. Fields*, 606 U.S. 942, 944–45 (2025) (per curiam); *see also Watkins v. Mohan,* 144 F.4th 926, 934 (7th Cir. 2025) (citing *Goldey*, 606 U.S. 942).  Accordingly, the constitutional claims against the individual defendants are **dismissed for failure to state a claim upon which relief can be granted.**

Jackson's state tort claims (assault, battery, negligence) against the United States **shall proceed** pursuant to the Federal Tort Claims Act ("FTCA").  "In the FTCA, 28 U.S.C. §§ 1346(b)(1) & 2671-80, Congress waived the United States's sovereign immunity for suits brought by persons injured by the negligence of federal employees acting within the scope of their employment." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013). Generally, the FTCA "allows a plaintiff

to bring certain state-law tort claims against the Federal Government." *Brownback v. King,* 141 S. Ct. 740, 745 (2021) (citing 28 U.S.C. § 2674).

The claim against the Federal Bureau of Prisons is **dismissed as unnecessary** because the only proper defendant for the FTCA claim is the United States. *See Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008).

### IV. CONCLUSION AND ISSUANCE OF PROCESS

The discussion of claims in Part III includes every claim the Court identified in the complaint. If Jackson believes he asserted additional claims that the Court failed to address, he must file a motion to reconsider this order **no later than July 31, 2026**. The **clerk is directed** to **terminate** all defendants from the docket except the United States of America.

The **clerk** shall issue process to the United States of America. Process shall consist of a summons. The Marshal for this District or his deputy shall **serve** the summons, the complaint filed on March 6, 2026, (docket 1), the attachments thereto, and a copy of this Order on the officials entitled to notice pursuant to Rule 4(i) of the *Federal Rules of Civil Procedure.* This shall be done at the expense of the United States.

Jackson's motion for service of summons, dkt. [3], **is granted.**

The **clerk is directed** to issue a single summons to the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to *Fed. R. Civ. P.* 4(i)(1). The Marshal for this District or his Deputy shall **serve** the summons, together with a copy of the complaint and a copy of this Order, on the U.S. Attorney for the Southern District of Indiana

4

and the Attorney General of the United States by **registered or certified mail**

at the expense of the United States.

    **SO ORDERED.**

    Date:  7/1/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KHALIL MALIK JACKSON
18345-027
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronic Notice to USM-C